UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4682 PA (KSx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Carmen Jorda v. DeTomaso Automobili Holdings N.A. LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

    Plaintiff Carmen Jorda filed her First Amended Complaint (FAC) against Defendants DeTomaso Automobili Holdings, N.A., LLC (DeTomaso), Sung Fung Choi (Choi) and Ryan Berris (Berris) on June 30, 2023.[1]  Plaintiff alleges thirteen causes of action arising out of a contract with DeTomaso for promotional and marketing services she provided and the time she spent developing and testing DeTomaso vehicles.  Specifically, she alleges claims for:  (1) breach of contract against DeTomaso; (2) breach of implied covenant of good faith and fair dealing against DeTomaso; (3) breach of implied in fact contract against DeTomaso; (4) promissory estoppel against DeTomaso; (5) fraud against all Defendants; (6) negligent misrepresentation against all Defendants; (7) civil conspiracy against all Defendants; (8) quantum meruit against DeTomaso; (9) unfair and deceptive trade practices against DeTomaso; (10) unjust enrichment against DeTomaso; (11) intentional infliction of emotional distress against all Defendants; (12) copyright infringement against DeTomaso; and (13) negligence and failure to supervise and control.[2]  Plaintiff's claims are based on her allegation that DeTomaso failed to compensate her pursuant to the terms of the alleged contract.

    The FAC alleges that Plaintiff Carmen Jorda is a resident of Spain, Defendant DeTomaso is a Delaware limited liability company, and that defendants Choi and Berris are residents of New York.  Moreover, Defendant Choi submitted a declaration stating that he is a citizen of and domiciled in Hong Kong and that he has no contacts with California.  The Court also notes that DeTomaso's corporate offices and principal place of business are located in Connecticut and there is an existing breach of contract and wrongful discharge action brought by Defendant Berris against Defendants Choi and DeTomaso pending in the Southern District of New York.  Jorda argues that the Court could transfer the action to a district court that possesses personal jurisdiction over the defendants, but does not identify a proposed transferee court.  DeTomaso and Choi contend that "Jorda could have brought her lawsuit in several other places," but also fails to identify those courts.

---

[1]    The FAC alleges that Defendant Choi is a "financier" who "controls" DeTomaso and that Choi hired Berris as DeTomaso's Chief Executive Officer to run the day to day operations.

[2]    The FAC's cover page lists misappropriation of name and likeness for commercial purposes as the fourteenth cause of action but the cause of action is not actually alleged in the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4682 PA (KSx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Carmen Jorda  v. DeTomaso Automobili Holdings N.A. LLC, et al. | | |

Although courts typically decide personal jurisdiction before venue, the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572, 143 L. Ed. 2d 760 (1999) (holding that when an "alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction"); Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 67 L. Ed. 2d 464 (1979) (holding that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue").

Accordingly, the Court orders the parties to show cause in writing why this action should not be transferred to the United States District Court for the Southern District of New York ("Southern District of New York"), the United States District Court for the District of Connecticut ("District of Connecticut"), or another forum identified by the parties, for the convenience of the parties and witnesses, and in the interest of justice.  See 28 U.S.C. § 1404.  All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence.[3/]

To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

1. Whether this action could have been brought in the Southern District of New York or the District of Connecticut;

2. Whether venue is appropriate in the Southern District of New York or the District of Connecticut;

3. What contacts, if any, each of the parties has to the United States District Court for the Central District of California ("Central District"), the Southern District of New York, and the District of Connecticut;

4. What connection(s), if any, Plaintiff's claims have to the Central District, the Southern District of New York, and the District of Connecticut;

---

[3/]   Defendants DeTomaso and Choi filed a Motion to Dismiss the First Amended Complaint (FAC) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) ("Motion to Dismiss").  The Motion to Dismiss argues that the Court lacks personal jurisdiction over Defendants DeTomaso and Choi, venue is improper, and that the FAC fails to state claims upon which relief can be granted.  This matter has been fully briefed, but because of the Court's decision to issue this Order to Show Cause, the hearing calendared for October 23, 2023, at 1:30 p.m. is vacated, and the matter taken off calendar.  Once the Court resolves the Order to Show Cause, it will issue a ruling on the Motion to Dimiss.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4682 PA (KSx) | Date | October 4, 2023 |
|---|---|---|---|
| Title | Carmen Jorda v. DeTomaso Automobili Holdings N.A. LLC, et al. | | |

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Southern District of New York and the District of Connecticut;

7. The ease of access to sources of proof in each of the forums;

8. The expected difference in the cost of litigation in the Central District as compared to the Southern District of New York and the District of Connecticut;

9. Whether transfer to the Southern District of New York or the District of Connecticut would be in the interest of justice or promote the efficient use of judicial resources; and

10. Whether there are any alternative forums, other than the Southern District of New York and the District of Connecticut, that would be more convenient for this action, keeping in mind the foregoing inquiries.

The parties are ordered to each file a written response to this Order to Show Cause by no later than **October 16, 2023**. Failure to timely and adequately respond by that date may result in the transfer of this action without further warning.

IT IS SO ORDERED.